UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MARK NORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 1:18-CV-66-HSM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Federal inmate Mark Norris has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a motion requesting to defer ruling, and Norris has moved to strike his response to the motion to defer. Having considered the pleadings and the record, along with the relevant law, the Court finds that there is no necessity for an evidentiary hearing[1], and Norris' § 2255 motion will be denied.

**I.     BACKGROUND FACTS AND PROCEDURAL HISTORY**

On June 25, 2015, Norris pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g) [Docs. 17 and 18 in No. 1:15-CR-25]. Norris was on parole for multiple State offenses at the time he committed his federal offense, and his State parole was revoked prior to federal sentencing [Doc. 25 ¶ 84 in No. 1:15-CR-25]. A federal presentence investigation revealed that based on his two prior Georgia burglary convictions and over three dozen Tennessee

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

aggravated burglary convictions, Norris was an armed career criminal under the Armed Career Criminal Act ("ACCA") and was subject to an enhanced mandatory minimum of 180 months' imprisonment [Doc. 25 in No. 1:15-CR-25]. The United States moved for a downward departure, however, and in December 2015, the Court sentenced Norris to 151 months' imprisonment [Doc. 42 in No. 1:15-CR-25]. Norris did not appeal.

In August 2017, Norris was convicted in a Tennessee state court for aggravated burglary and was sentenced to serve a term of 10 years' imprisonment, with the sentence to run concurrently with his previously imposed federal sentence [Doc. 60 p. 5 in No. 1:15-CR-25]. On December 18, 2017, Norris filed a motion seeking to reduce his federal sentence, which the Court construed as a § 2255 motion [Doc. 45 in No. 1:15-CR-25]. Counsel was appointed to assist Norris, and the Court provided Norris an opportunity to consent to the recharacterization of his motion, or to withdraw or amend his original pleading [Docs. 48 and 49 in No. 1:15-CR-25]. Norris consented to the characterization of his pleading as a § 2255 motion, requesting relief from his armed career criminal classification pursuant to the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), which held that aggravated burglary is not a violent felony for purposes of the ACCA [Doc. 54 in No. 1:15-CR-25]. The United States was ordered to respond to Norris' motion, and it filed a motion to defer ruling pending a decision in *Stitt* by the United States Supreme Court [Doc. 56 in No. 1:15-CR-25].

Norris initially did not oppose the motion to defer ruling [Doc. 58 in No. 1:15-CR-25] but later moved to strike his response, arguing that the Court should resentence Norris based on *Stitt*'s then-controlling precedent [Doc. 59 in No. 1:15-CR-25]. Thereafter, in December 2018, Norris, who is housed in a State prison, filed a pro se motion requesting that his federal sentence be ordered to run concurrently with his State sentence. The Court finds these matters ripe for review.

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

The ACCA requires a 15-year minimum sentence for a felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another") (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague and violative of due process. *Johnson*, 135 S. Ct. at 2563. However, *Johnson* did not invalidate "the remainder of the Act's definition of a violent felony." *Id.* Therefore, for a § 2255 petitioner to obtain relief under *Johnson*, he must show that his ACCA-enhanced sentence was necessarily based on a predicate violent felony that only qualified as such

3

under the residual clause.  *See, e.g., Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 6018). Accordingly, post-*Johnson*, a defendant can properly receive an ACCA-enhanced sentence based either on the statute's use-of-force or enumerated-offense clauses.  *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (affirming ACCA sentence where prior convictions qualified under use-of-force and enumerated-offense clauses).

In evaluating whether a conviction qualifies as a predicate offense under the ACCA's enumerated-offense clause, courts apply the "categorical approach," which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense.  *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Descamps v. United States*, 570 U.S. 254, 257 (2013).  If the statute of conviction is broader than that criminalizing the generic offense, then it cannot qualify as a violent felony, regardless of the facts comprising the offense. *See, e.g., Mathis*, 136 S. Ct. at 2248-49.

A burglary offense constitutes a predicate offense for purposes of the enumerated-offense clause of the ACCA when the offense's statutory definition substantially corresponds to the "generic" definition of burglary, which the Supreme Court has defined as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  *Taylor v. United States*, 495 U.S. 575, 599 (1990).

The Supreme Court has held that aggravated burglary under Tennessee law is generic burglary within the meaning of the ACCA, and thus, a conviction under the statute is a violent felony under the ACCA's enumerated-offense clause.  *United States v. Stitt*, 139 S. Ct. 399, 406-07 (2018).  Therefore, Norris' convictions for aggravated burglary qualify as ACCA predicates, and he is properly classified as an armed career criminal.

## IV. MOTION FOR CONCURRENT SENTENCES

The Court finds that Norris' motion for concurrent sentencing must be considered pursuant to 28 U.S.C. § 2241 rather than as part of the instant § 2255 action, as it challenges the execution of his sentence, rather than the sentence itself. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration[.]"). Such a motion must be filed in the "same district where the prisoner is incarcerated." *Id*. Inasmuch as Norris is currently housed at the Northwest Correctional Complex in Tiptonville, Tennessee, which is in the judicial district for the Western District of Tennessee, this Court has no jurisdiction over his claim. Therefore, the Court will deny Norris' motion for concurrent sentencing for want of jurisdiction.[2]

## V. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Norris must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

---

[2] The Court notes that the Bureau of Prisons ("BOP") has discretionary authority to designate a prisoner's place of incarceration and "indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010); *see also* 18 U.S.C. § 3621(b). Norris must file a request with the BOP to make a *nunc pro tunc* designation of his State correctional facility as the place to serve his federal sentence and thereby exhaust his available remedies prior to seeking habeas relief under § 2241. *See id*. (noting habeas petition is not ripe until BOP makes final decision on *nunc pro tunc* request).

or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## VI. CONCLUSION

For the reasons stated herein, Norris has failed to establish any basis upon which § 2255 relief could be granted, and his § 2255 motion will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**. The United States' motion to defer ruling, and Norris' motion to strike his response to that motion, will be **DENIED**. Norris' motion for concurrent sentencing will be **DISMISSED** for want of jurisdiction.

**An appropriate Judgment Order will enter.**

 */s/ Harry S. Mattice, Jr.*
 HARRY S. MATTICE, JR.
 UNITED STATES DISTRICT JUDGE